# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:18-cr-172
                                      Also 3:20-cv-48

                                      District Judge Thomas M. Rose
  - vs -                        Magistrate Judge Michael R. Merz

CARLOS RAYMOND ALVAREZ,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant Carlos Raymond Alvarez's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 137). As a post-conviction collateral attack on a criminal judgment, it is referred to the undersigned pursuant to General Order Day 13-01.

All new § 2255 motions are reviewed under Rule 4 of the Rules Governing § 2255 motions which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

> response within a fixed time, or take other action the judge may order.

Defendant seeks relief from his conviction under 18 U.S.C. § 924(c). He asserts the following grounds for relief:

> **Ground One:** Movant is actually innocent of committing the crime of 18 U.S.C. § 924(c).
>
> **Supporting Facts:** It is apodictic that Movant's conviction for violating § 924 c [sic] is unconstitutional, because the predicate conviction is not violent. Movant was sentenced to a 10 year term based upon a crime which was determined to be 'violent' under the definition set forht [sic] under § 924 (c)(3) (B). § 924(c)( 3)(B) has been declared unconstitutional, and therefore the conviction and sentence must be annulled [sic].

(Motion, ECF No. 137, PageID 660.) Defendant relies on *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019), which holds 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence is unconstitutionally vague.

On April 15, 2019, Alvarez entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 3 and 4 of the Indictment which charged him with use of a firearm during and in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii)(Count Three) and 18 U.S.C. § 371, and of conspiring to commit carjacking in violation of 18 U.S.C. § 2119. (ECF No. 68, PageID 218.) The parties agreed to a sentence of between 120 and 180 months. *Id.* at PageID 220. As part of the Statement of Facts in support of his guilty plea, Alvarez agreed that on July 6, 2018, he "committed the elements of a crime of violence, to wit, carjacking, including the elements of taking a motor vehicle by means of "force, violence and intimidation." *Id.* at PageID 223. To carryout the carjacking, Alvarez admitted he

"knowingly used, carried, possessed, brandished and discharge a loaded firearm" with the intention of causing serious bodily injury to the person from whom the car was taken. *Id.*

Consistent with the Plea Agreement, Alvarez was sentenced on August 12, 2019, to 120 months for the firearm charge and one consecutive day for the carjacking charge (Judgment, ECF No. 101, PageID 325). Even though he was sentenced after *Davis* was handed down, Alvarez made no objection to being sentenced on the firearm charge. He also took no appeal, presumably because he had waived his right to do so in the Plea Agreement.

*Davis* provides no support for Alvarez's Motion. He was convicted under 18 U.S.C. § 924(c)(1)(A) which requires that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment for such crime of violence . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." In turn, § 924(c)(3) provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>   (A)
>   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>   (B)
>   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

It was subsection (3)(B) that the Supreme Court held unconstitutional in *Davis*. But Alvarez was convicted under 924(c)(1)(A)(iii) of discharging the firearm in connection with a crime that has as an element the use, attempted use, of threatened use of physical force against the person or property of another, to wit, carjacking. 18 U.S.C. § 2119 prohibits taking a motor vehicle from the person

3

or presence of another by force and violence or by intimidation when one has the intent to cause serious bodily harm. Thus, carjacking in violation of § 2119 has as an element the use of force and thus comes within 18 U.S.C. § 924(c)(3)(A). To put it simply, *Davis* applies to 924(c)(3)(B), not (c)(3)(A).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice and the Clerk be instructed, under Fed.R.Civ.P. 58, to enter a judgment to that effect. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 11, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.