# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:18-cr-172
                               Also 3:20-cv-48

                               District Judge Thomas M. Rose
- vs -                        Magistrate Judge Michael R. Merz

CARLOS RAYMOND ALVAREZ,

        Defendant.    :

## DECISION AND ORDER

This case is before the Court on Defendant Carlos Raymond Alvarez's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 137). Magistrate Judge Michael R. Merz, to whom the Motion was referred pursuant to this Court's General Order Day 13-01, has filed a Report and Recommendations recommending the Motion be dismissed with prejudice (ECF No. 138). Defendant has objected to the Report (ECF No. 145) and the Court has now reviewed *de novo* all portions of the Report to which Defendant has made specific objection.

Defendant seeks relief from his conviction under 18 U.S.C. § 924(c), relying on *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019), which holds 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence is unconstitutionally vague. The Magistrate Judge recommended dismissing the Motion to Vacate because Defendant was convicted under 18 U.S.C. § 924(c)(3)(A), the so-

called "elements" clause, rather than under 18 U.S.C. § 924(c)(3)(B), the so-called "residual" clause.

In his Objections, Alvarez expressly claims he was convicted under the residual clause instead of the elements clause (Objections, ECF No. 145, PageID 692). This is so, he says, because he was convicted of conspiracy to commit carjacking, rather than carjacking. *Id.* He claims the Report is false in this respect, but the Report reflects a conviction of conspiracy in violation of 18 U.S.C. § 2119 (ECF No. 138, PageID 674).

As part of the Plea Agreement, Alvarez admitted that on July 6, 2018, he "committed the elements of a crime of violence, to wit, carjacking, including the elements of taking a motor vehicle by means of "force, violence and intimidation." (ECF No. 68, PageID 223). To carryout the carjacking, Alvarez admitted he "knowingly used, carried, possessed, brandished and discharged a loaded firearm" with the intention of causing serious bodily injury to the person from whom the car was taken. *Id.*

Defendant's argument in the Objections seems to be that the Court must use the "categorical" approach (ECF No. 145, PageID 693.) In determining whether an offense constitutes a crime of violence under § 924(c), the Sixth Circuit uses a categorical approach. *United States v. Rafidi,* 829 F.3d 437 (6th Cir. 2016), citing *Evans v. Zych,* 644 F.3d 447, 453 (6th Cir. 2011). "Under the categorical approach, a court 'focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statue in a particular circumstance.'" *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016), citing *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013). A variant of this approach – the modified categorical approach – is used when the statute is divisible, i.e., it "sets out one or more elements of the offense in the alternative." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013), quoting *Descamps v. United States*,

133 S. Ct. 2276, 2281 (2013). Under the modified categorical approach, a federal court may examine a limited set of documents "to determine whether the conviction necessarily depended on the commission of a crime of violence." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012).

Defendant was charged in Count 4 of the Indictment not just with conspiracy, but with conspiracy to commit carjacking in violation of 18 U.S.C. § 2119 which prohibits taking a motor vehicle from the person or presence of another by force and violence or by intimidation when one has the intent to cause serious bodily harm. Thus, carjacking in violation of § 2119 has as an element the use of force and thus comes within 18 U.S.C. § 924(c)(3)(A), the elements clause. *Davis* has no application to this case.

Even if *Davis* did apply, Defendant has procedurally defaulted on any claim under *Davis*. As the Report notes, judgment in this case was entered in August after *Davis* was handed down in June 2019 and thus a claim under *Davis* would have been available to Alvarez on direct appeal. A Motion to Vacate under § 2255 is not a substitute for appeal and a claim which could have been raised on appeal but was not is procedurally defaulted. *United States v. Frady*, 456 U.S. 152 (1982).

Defendant's Objections are not well taken and are hereby OVERRULED. The Magistrate Judge's Report is ADOPTED. In accordance with the Report, Defendant's Motion to Vacate is DISMISSED WITH PREJUDICE. Pursuant to Fed.R.Civ.P. 58, the Clerk shall enter a separate judgment to this effect.

Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

IT IS SO ORDERED.

April 13, 2020.                                                *s/Thomas M. Rose

                                                   _____
                                                          Thomas M. Rose
                                                     United States District Judge