## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-172 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CARLOS RAYMOND ALVAREZ, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF 164) WITHOUT PREJUDICE TO REFILING.**

This case is before the Court on the Motion for Compassionate Release (ECF 164) filed by Defendant Carlos Raymond Alvarez. Defendant is currently incarcerated and asks this Court for compassionate release from his term of imprisonment. The United States filed a Response to the Motion (ECF 166), in which the Government opposes the motion and asks the Court to deny it. Defendant's attorney filed a notice that no supplemental motion would be filed in support of Defendant's *pro se* motion. (ECF 168). The matter is ripe for review. Because Defendant did not first request relief from the warden, the Court will deny Defendant's motion.

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances.

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified Section 18 U.S.C. § 3582 to allow a defendant to bring a motion for compassionate

1

release on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub. L. No. 115-391, 132 Stat. 5194; see also *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must full exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison") (internal quotation marks omitted) (alteration adopted); *United States v. Hardin*, No. 19-cr-240, 2020 U.S. Dist. LEXIS 90855, at *2-4, 2020 WL 2610736 (N.D. Ohio May 22, 2020) (analyzing whether 30-day lapse provision in 18 U.S.C. § 3582(c)(1)(A) only applies if the warden does not respond to the defendant's request for the BOP to bring such a motion on the defendant's behalf, and finding that the provision is not limited to only applying in such a situation).

Defendant requests this consideration based upon concern about the COVID-19 pandemic and his health and well-being during his incarceration. The Government argues that Defendant has failed to fulfill the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). (See ECF 166.) Defendant's filing does not assert that he has exhausted his remedies with the Bureau of Prisons.

Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…" 18 U.S.C. 3582(c)(1)(A). Given the lack of any indication that the Defendant has fully exhausted his Bureau of Prisons remedies, and that he has not otherwise shown that either condition of this statutory exhaustion requirement has been

fulfilled, the Court cannot grant this motion. *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"); *see also United States v. Allen*, Case No. 1:19-cr-98-10, 2020 U.S. Dist. LEXIS 66414 (N.D. Ohio Apr. 15, 2020) (denying defendant's motion for compassionate release in context of COVID-19 pandemic because he failed to comply with the exhaustion and 30-day requirements of § 3582(c)(1)(A)); *United States v. Alam*, Case No. 15-20351, 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. Apr. 8, 2020) (denying emergency motion for compassionate release, collecting cases, and concluding that "neither condition described in 18 U.S.C. § 3582(c)(1)(A) is met, and that this failure to exhaust cannot be excused, even in light of the COVID-19 pandemic").  Therefore, the Court **DENIES** Defendant's Motion for Compassionate Release (ECF 164) without prejudice.  Defendant must first request relief from the Bureau of Prisons.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 25, 2020.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE